PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GAGLIANO, *et al.*, | ) | |
| | ) | CASE NO. 4:15cv853 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| INTUITIVE SURGICAL, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

*Pro se* Plaintiffs Daniel Gagliano and Concetta Gagliano filed this tort action against Intuitive Surgical, Inc. In the complaint, Plaintiffs allege that the Defendant manufactures and distributes the DaVinci Surgical System which is responsible for injuries sustained by Daniel Gagliano. They seek monetary relief in excess of Twenty-Five Thousand Dollars ($25,000.00) for Daniel's injuries and for Concetta's loss of consortium.

Plaintiffs' complaint is very brief and contains few factual allegations. Aside from asserting that Defendant manufactures and distributes the DaVinci Surgical System, they allege only that:

> Intuitive Surgical Inc. is directly responsible for the permanent injuries and loss including but not limited to requiring additional surgical procedures, permanent damage to his colon and abdomen, severe pain and suffering, disfigurement, significant medical expenses and significant lost wages and earning capacity. Such damages will continue into the future.
>
> Intuitive Surgical, Inc. was negligent and reckless in their conduct, failure to warn, deceptive advertising campaign and training the personnel in the use of the robot.

ECF No. 1 at 2–3.

(4:15cv853)

While *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the district court clearly lacks jurisdiction over the matters presented in the complaint. On August 21, 2015, Plaintiffs were advised by the Court that their complaint, as written, fails to establish a basis for federal court jurisdiction, and fails to state a claim upon which relief may be granted. They were given thirty (30) days from August 21, 2015 to amend their complaint to set forth a basis for federal court jurisdiction, and to assert a cognizable claim for relief. ECF No. 3. The Court notified them that if a legally sufficient amended complaint was not filed within the time permitted, this action would be dismissed without prejudice. Catz v. Chalker, 142 F.3d 279, 285 (6th Cir. 1998); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). In addition, Plaintiffs were reminded that they are responsible for serving Defendant with the complaint and amended complaint in accordance with Federal Civil Procedure Rule 4. Although more than thirty days have passed since the Court issued that Order, Plaintiffs have not filed an amended complaint.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See* Ohio ex rel. Skaggs v. Brunner, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citation omitted).

(4:15cv853)

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question, or when diversity of citizenship exists between the parties.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The first type of jurisdiction, federal question jurisdiction, arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

The second type of jurisdiction, diversity jurisdiction, is applicable to cases of sufficient value between "citizens of different states."  28 U.S.C. § 1332(a)(1).  To establish diversity of citizenship, Plaintiffs must establish that "no plaintiff and no defendant are citizens of the same state."  *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  The citizenship of a natural person equates to his domicile.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).  A corporation is a citizen of every state in which it is incorporated and the state where it has its principal place of business.  *Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994).  Plaintiffs must also plead facts reasonably suggesting the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  28 U.S.C. § 1332.

Plaintiffs assert only state law tort claims.  Federal jurisdiction cannot be based on the presence of a federal question.  The only other plausible basis for federal jurisdiction is diversity of citizenship.  Plaintiffs indicate they are Ohio residents.  Intuitive Surgical, Inc. is a Delaware corporation with its principal place of business in California.  Diversity of citizenship is complete.  However, Plaintiffs did not establish the amount in controversy.  They seek an amount

3

(4:15cv853)

in excess of $25,000.00 in damages to fully compensate their claims. This, however, is a legally-insufficient allegation and, as the Court warned (ECF No. 3), Plaintiffs risked dismissal without prejudice if they failed to cure the jurisdictional defect. *Catz*, 142 F.3d at 285. Having failed to do so, Plaintiffs are left with a non-waivable, fatal defect to subject-matter jurisdiction. *Aronoff,* 915 F.2d at 1074.

      Accordingly, the Court hereby dismisses Plaintiffs' complaint without prejudice for lack of subject-matter jurisdiction.

      IT IS SO ORDERED.

| | |
|---|---|
|  September 30, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |